# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE DATIL COLOM,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-906-Orl-22DAB**

**CITY OF ORLANDO,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** June 1, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, and the Complaint be dismissed.

    Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 555 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Am. Ass'n of People With Disabilities v. Harris*, 605 F.3d 1124, 1133 (11th Cir. 2010) (*citing Alexander v. Sandoval*, 532 U.S. 275, 293 n.8 (2001)).

Here, it appears that Plaintiff is unhappy with the MBWE certification program apparently adopted by the Defendant. While the Court assumes Plaintiff is attempting to plead a federal cause of action for discrimination, the Complaint does not identify a basis for such relief. Other than broad generalities that the policy "should be investigated and the performing art center should be audited by a federal level," and vague allegations of "ratial [the Court assumes Plaintiff means "racial"] profiling," the Complaint does not include factual allegations sufficient to meet the pleading standard. In addition to failing to identify the exact cause of action, it is not clear that Plaintiff is asserting that he has been discriminated against under the policy, or otherwise has standing to complain about it. There are no allegations as to how, when, or if the policy was applied to him, and Plaintiff does not allege that he is included in a protected class. To the extent Plaintiff is merely expressing dissatisfaction with the program from a political point of view, this is not the forum to redress it. The Complaint should be dismissed.

In addition, the Affidavit filed in support of the motion (Doc. No. 2) is incomplete. Plaintiff asserts that he has received income from business or employment (question 3), but fails to provide the required details as to how much. It is not clear if Plaintiff is presently working, and he does not provide or explain the answers to questions 4-8. If, in fact, Plaintiff has absolutely no income of any kind and no assets, he must clarify how he subsists.

Although the Complaint and the Affidavit are insufficient to allow pauper status, it is possible that both can be amended to cure the deficiencies noted herein. It is therefore **respectfully recommended** that the motion be **denied, without prejudice,** and the Complaint be **dismissed**, **without prejudice** to the filing of an Amended Complaint which states a viable cause of action, and

the filing of a completed Affidavit for pauper status, both within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 9, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy